# 22-3236

# United States Court of Appeals

*for the*

# Second Circuit

————

UNITED STATES OF AMERICA,

*Appellee,*

- v. -

Eva Christine Rodriguez, AKA Sealed Defendant 1, AKA Christina Rodriguez,
AKA Elizabeth Christina Powers, AKA Elizabeth Christina Davis,
AKA Christina Elizabeth Davis, Christina Anderson,

*Defendant,*

Sergio Lorenzo Rodriguez, AKA Sergio Lawrence,
AKA Michael Lara,

*Defendant-Appellant.*

————

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

————

BRIEF OF DEFENDANT-APPELLANT
SERGIO RODRIGUEZ

————

Brendan White
WHITE & WHITE
524 East 20th Street, # 6D
New York, NY 10009
(646) 303-0267
hendonbgb@gmail.com

*Attorney for Defendant-Appellant*
*Sergio Rodriguez*

# Table of Contents

Page

Table of Authorities ..................................... ii

Preliminary Statement ...................................... 1

Statement of Subject Matter
 And Appellate Jurisdiction ............................... 3

Statement of Issues Presented for Review .................. 3

Statement of the Case .................................... 4

Statement of Facts ....................................... 4

   The Presentence Report and The Sentencing ............. 5

Argument ................................................. 9

   POINT I

     THE CONDITION OF SUPERVISED RELEASE PROHIBITING
     THE DEFENDANT FROM ASSOCIATING WITH INDIVIDUALS
     CONVICTED OF A FELONY MUST BE STRUCK FROM
     THE SENTENCE TO THE EXTENT IT APPLIES TO HIS
     MOTHER/CODEFENDANT ................................... 9

       The Relevant Law ................................. 10

       The Imposition of The Standard Condition
       Was Unreasonable Under The Circumstances Here ..... 12

   POINT II

     THE CONDITION OF SUPERVISED RELEASE SUBJECTING
     THE DEFENDANT TO RISK NOTIFICATION AT THE
     DISCRETION OF THE PROBATION DEPARTMENT MUST
     BE STRUCK FROM THE SENTENCE BECAUSE IT CONFLICTS
     WITH THIS COURT'S DECISIONS HOLDING THAT IT
     IMPROPERLY GIVES TOO MUCH DISCRETION TO THE
     PROBATION DEPARTMENT, AND IN ANY EVENT IT
     WAS NOT ORALLY PRONOUNCED BY THE DISTRICT
     COURT AT SENTENCING ................................. 15

POINT III

THE SEARCH CONSENT CONDITION OF SUPERVISED
RELEASE MUST BE VACATED SINCE IT WAS NOT
SUPPORTED BY AN INDIVIDUALIZED ASSESSMENT
THAT IT WAS REASONABLY RELATED TO SENTENCING
FACTORS, THE REASON FOR THE CONDITION WAS
NOT EXPLAINED ON THE RECORD, AND IN ANY EVENT
THE SWEEPING SEARCH CONDITION WAS AN OVERBROAD
INTRUSION ON MR. RODRIGUEZ'S LIBERTY INTERESTS ...... 20

Conclusion ........................................... 26

## Table of Authorities

Cases

                                                    Page
Anders v. California,
386 U.S. 738 (1967) ....................................... 1

Georgia v. Randolph,
547 U.S. 103 (2006) ...................................... 25

Johnson v. United States,
520 U.S. 461, 467 (1997) ................................. 13

Troxel v. Granville,
530 U.S. 57 (2000) ....................................... 14

United States v. Arevalo,
628 F.3d 93 (2d Cir. 2010) ............................... 10

United States v. Boles,
914 F.3d 95 (2d Cir. 2019) ....................... 2, 15, 17

United States v. Bryant,
976 F.3d 165 (2d Cir. 2020) ................. 2, 11, 12, 13

United States v. Burden,
860 F.3d 45 (2d Cir. 2017) ............................... 10

United States v. Franco,
733 Fed. Appx. 13 (2d Cir. 2020) .................... 10, 11

Page

United States v. Haverkamp,
958 F.3d 145 (2d Cir. 2020) ............................... 2

United States v. Matta,
777 F.3d 116 (2d Cir. 2015) .............................. 11

United States v. Myers,
426 F.3d 117 (2d Cir. 2005) .................. 2, 11, 13, 14

United States v. Peterson,
248 F.3d 79 (2d Cir. 2001) ............................... 16

United States v. Rosado,
109 F.4th 120 (2d Cir. 2024) ................ 15, 16, 17, 19

United States v. Rosario,
386 F.3d 166 (2d Cir. 2004) .......................... 17, 18

United States v. Sims,
92 F.4th 115 (2d Cir. 2024) .......... 2, 20, 21, 22, 24, 25

United States v. Truscello,
168 F.3d 61 (2d Cir. 1999) ............................... 18


Statutes, Rules, and Guidelines

18 U.S.C. § 1343 .................................. 1, 4, 5

18 U.S.C. § 1349 ...................................... 4

18 U.S.C. § 3231 ...................................... 2

28 U.S.C. § 1291 ...................................... 2

U.S.S.G. § 2B1.1 ...................................... 5

U.S.S.G. §3A1.1(b)(1) ................................. 6

U.S.S.G. § 3E1.1 ...................................... 6

**Preliminary Statement**

Pursuant to the Court's Order of July 15, 2024, this Brief is filed on behalf of Defendant-Appellant Sergio Rodriguez, to address three discrete questions identified by the Court. By Judgment of December 14, 2022, Hon. Analisa Torres, of the United States District Court for the Southern District of New York, sentenced Mr. Rodriguez to a term of 48 months' imprisonment and three years' supervised release, following his March 8, 2022, plea of guilty to a single count of wire fraud, in violation of 18 U.S.C. § 1343. Mr. Rodriguez pled guilty pursuant to a plea agreement in which he waived his right to appeal a sentence of 78 months or less.

After Mr. Rodriguez timely filed a notice of appeal, his attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), noting the provision of the plea agreement in which Mr. Rodriguez waived his right to appeal. (Doc. No. 20) The Government subsequently moved to dismiss the appeal, citing the same provision. (Doc. No. 35)

In its July 15, 2024, Order, the Court granted the Government's motion to dismiss in part, to the extent that it dismissed the appeal as to the duration of Mr. Rodriguez's sentence and the duration of his term of

supervised release. (Doc. No. 46; July 15, 2024 Order at 1-2) However, the Court ordered briefing as to the conditions of supervised release, and identified the following issues in particular:

> (1) the propriety of imposing, without comment or explanation, the "standard" condition limiting interaction with convicted felons, because Appellant's mother (his codefendant) is a convicted felon and the condition implicates a constitutionally protected familial relationship of which the district court was aware, see United States v. Bryant, 976 F.3d 165, 182-84 (2d Cir. 2020); United States v. Myers, 426 F.3d 117, 125 (2d Cir. 2005);

> (2) whether it was error to include the "standard" risk-notification condition in the written judgment even though (a) it was not included in the list of conditions in the pre-sentence report that the district court pronounced by reference at sentencing, and (b) it was otherwise identical to a condition vacated by this Court on vagueness and improper delegation grounds in United States v. Boles, 914 F.3d 95, 111-12 (2d Cir. 2019); and

> (3) whether the special consent-to-search condition is justified based on the record, whether it was properly supported by an individualized assessment, and whether the condition is otherwise overbroad, see United States v. Sims, 92 F.4th 115, 123-24 (2d Cir. 2024); United States v. Haverkamp, 958 F.3d 145, 150-51 (2d Cir. 2020).

(Doc. No. 46; July 15, 2024 Order at 2)

**Statement of Subject Matter**
**and Appellate Jurisdiction**

This appeal is from a Judgment of the United States District Court for the Southern District of New York, which had jurisdiction pursuant to 18 U.S.C. § 3231, and which was entered on the docket on December 15, 2022. A notice of appeal was timely filed on December 27, 2022. This Court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291.

**Statement of Issues Presented for Review**

1. Whether the condition of supervised release prohibiting the defendant from associating with individuals convicted of a felony must be struck from the sentence to the extent it applies to his mother/codefendant?

2. Whether the condition of supervised release subjecting the defendant to risk notification at the discretion of the probation department must be struck from the sentence because it conflicts with this court's decisions holding that it improperly gives too much discretion to the Probation Department, and in any event it was not orally pronounced by the district court at sentencing?

3. Whether the search consent condition of supervised release must be vacated since it was not supported by an individualized assessment that it was reasonably related to sentencing factors, the reason for the condition was not explained on the record, and in any event the sweeping search condition was an overbroad intrusion on Mr. Rodriguez's liberty interests?

## Statement of the Case

Mr. Rodriguez was charged pursuant an indictment filed on or about September 29, 2020, together with his mother and sole co-defendant Eva Christine Rodriguez, with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 & 1349 wire fraud, in violation of 18 U.S.C. § 1343.

On March 8, 2022, Rodriguez entered a plea of guilty to Count Two of the indictment. (A 29-58; Plea Tr. at 1-30)[1] The plea agreement contained the following provision: "[t]he defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum." (A 26; Plea Agreement at 5)

On December 14, 2022, Mr. Rodriguez was sentenced principally to 48 months' imprisonment, below the guidelines range. He is currently serving his sentence and his scheduled release date is January 11, 2026.

## Statement of Facts

Since the Court has already granted the Government's motion to dismiss Mr. Rodriguez's appeal with respect to

---

[1] References preceded by "A" refer to the Appendix filed in connection with the <u>Anders</u> Brief, which contains all the documents relevant to this appeal. (Doc. No. 19)

the length of the sentence and the term of supervised release, and this appeal is expressly limited only to the conditions of supervised release, and since the facts have already been presented in in the Anders Brief and in the Government's motion, the facts here relate only to the supervised release component of the case, and are derived from the presentencing report, sentencing transcript, and the other documents filed in the district court.

The Presentence Report and The Sentencing

The presentence report was filed with the court on May 27, 2022. (PSR at 1) The Probation Department calculated the advisory sentencing guidelines as follows:

Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level was determined to be 7 because the statutory offense, 18 U.S.C. §1343, carries a statutory maximum of 20 years. (PSR at ¶ 66) The Probation Department assigned a loss amount of $3,420,000, resulting in a 16-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(H). (PSR at ¶ 67)

Two-level enhancements were added, respectively for use of mass-marketing, pursuant to U.S.S.G. §2B1.1(b)(2)(A)(ii) (PSR at ¶ 68); violating a prior, specific judicial or administrative order or injunction, pursuant to U.S.S.G. §2B1.1(b)(9)(C) (PSR at ¶ 69); and

vulnerable victims, pursuant to U.S.S.G. §3A1.1(b)(1) (PSR at ¶ 70). Accordingly, the Probation Department computed a total offense level of 29. (PSR at ¶ 73)

Because Mr. Rodriguez clearly demonstrated acceptance of responsibility, a two-level reduction was warranted, pursuant to U.S.S.G. § 3E1.1(a). (PSR at ¶ 75) Because Mr. Rodriguez timely notified the Government of his intention to plead guilty, thus permitting the Government to avoid preparing for trial, an additional one-level reduction was warranted, pursuant to U.S.S.G. § 3E1.1(b). (PSR at ¶ 76) Accordingly, the applicable offense level was determined to be 26. (PSR at ¶ 77)

Mr. Rodriguez's criminal history category was calculated to be I, pursuant to U.S.S.G. Chapter 5, Part A, based on a criminal history score of 1. (PSR at ¶ 82) The guidelines range was therefore calculated to be 63-78 months. (PSR at ¶ 123)

The Probation Department recommended a sentence of 40 months, with three years' supervised release. Specifically relevant to this Appeal, the Probation Department made the following recommendations with respect to the conditions of supervised release:

> STANDARD CONDITIONS
> 8. You must not communicate or interact with someone you know is engaged in criminal activity.

If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

* * *

SPECIAL CONDITIONS
You shall submit your person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement. The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search shall be conducted at a reasonable time and in a reasonable manner. (PSR at 34)

On December 14, 2022, Mr. Rodriguez and his mother Ana Christine Rodriguez were sentenced. Consistent with the recommendation in the presentence report, Mr. Rodriguez received a below-guidelines sentence of 40 months, with a three-year term of supervised release. Although Ana Christine Rodriguez was the acknowledged leader of the criminal scheme, the court sentenced her to five years' probation, based largely on the serious and incurable medical issues she faced, with respect to which the Bureau Of Prisons stated it was not equipped to address. (A 103 Sentencing Tr. at 45)

With respect to Mr. Rodriguez's below-guidelines sentence, the court identified as a mitigating factor that he "began participating in the scheme at his mother's direction." (A 104-05 Sentencing Tr. at 46-47)

With respect to the supervised release component of the sentence, the court stated the following:

> The mandatory and standard conditions of supervised release set forth in pages 33 to 34 of Ms. Rodriguez's presentence report and pages 32 to 34 of Mr. Rodriguez's presentence report shall apply for Ms. Rodriguez and Mr. Rodriguez respectively.

> In addition, the special condition set forth on page 35 Ms. Rodriguez's presentence report and page 34 of Mr. Rodriguez's presentence report shall apply for Ms. Rodriguez and Mr. Rodriguez respectively.

> They include: You shall submit your person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to search by any United States Probation Officer, and, if needed, with the assistance of any law enforcement. This search to be conducted when there is reasonable suspicion concerning violation of condition of supervision or unlawful conduct by the person being supervised.

> Failure to submit to search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search shall be conducted at reasonable time and in reasonable manner.

> You must provide the probation officer with access to any requested financial information.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule. (A 103; Sentencing Tr. at 45)

Mr. Rodriguez's attorney timely filed a notice of appeal (A 124), and as noted above, and Anders Brief was filed on March 20, 2023. Pursuant to the Court's Order of July 15, 2024, this Brief was filed, specifically addressing the issues identified by the Court.

## Argument

### POINT I

THE CONDITION OF SUPERVISED RELEASE PROHIBITING THE DEFENDANT FROM ASSOCIATING WITH INDIVIDUALS CONVICTED OF A FELONY MUST BE STRUCK FROM THE SENTENCE TO THE EXTENT IT APPLIES TO HIS MOTHER/CODEFENDANT.

One of the unfortunate collateral consequences of having been convicted of the offense with his mother as a codefendant was that, pursuant to the standard conditions of supervised release imposed by the district court, Mr. Rodriguez would be prohibited from communicating with his own mother, who suffered from significant health problems, unless he first received advance permission from the Probation Department. For the reasons stated below, that condition unreasonably interferes with Mr. Rodriguez's liberty interest and should be stricken from the judgment.

Although waivers of the right to appeal a sentence are presumptively enforceable, <u>United States v. Arevalo</u>, 628 F.3d 93, 98 (2d Cir. 2010), that presumption does not apply here, where the waiver provision in the plea agreement referred only to the condition that "[t]he defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum." (A 26; Plea Agreement at 5)

The provision in the agreement self-evidently applies only to the fact of supervised release and the length of the term, not to any special condition a sentencing court might impose. <u>See</u> <u>United States v. Franco</u>, 733 Fed. Appx. 13, 15 (2d Cir. 2020) ("[i]n his plea agreement, Franco agreed he would not 'appeal any term of supervised release that is less than or equal to the statutory maximum,' but he did not waive the right to appeal the conditions of supervised release[; a]ccordingly, Franco did not waive his right to appeal the special conditions of supervised release"), <u>citing</u> <u>United States v. Burden</u>, 860 F.3d 45, 54 (2d Cir. 2017) ("When an appeal waiver is silent regarding a specific aspect of a sentence, this Court generally finds that the appeal waiver does not foreclose challenges to

that aspect of the sentence"). Since the circumstances are substantially identical to those in Franco, and as this Court recognized in its July 15, 2024, Order, the special condition may be appealed.

As this Court has made clear, "a restriction regarding communications and interactions with an immediate family member implicates a liberty interest, that determination is not a minor detail that can be left to the discretion of the Probation Department." See United States v. Matta, 777 F.3d 116, 122 (2d Cir. 2015) (district court "may not delegate to the Probation Department decision-making authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion"); United States v. Bryant, 976 F.3d 165, 183-84 (2d Cir. 2020) (quoting Matta).

Even in the case of an otherwise "standard" condition of supervised release, "when a fundamental liberty interest is implicated by a sentencing condition, we must first consider the sentencing goal to which the condition relates, and whether the record establishes its reasonableness[, and w]e must then consider whether it represents a greater deprivation of liberty than is necessary to achieve that goal." United States v. Myers, 426 F.3d 117, 126 (2d Cir. 2005) (holding that record was

inadequate on both prongs of the inquiry); see also United States v. Bryant, 976 F.3d at 183–84 ("we will remand to allow the district court to provide further justification for this condition as applied to Bryant's immediate family members or to exempt such communications and interactions from the restriction").

This is so even though district courts are not otherwise required to explain their reasoning when imposing a standard condition of supervised release. Id. ("because this condition as applied to Bryant implicates a protected familial relationship, a more thorough justification is required").

The Imposition of The Standard Condition
Was Unreasonable Under The Circumstances Here.

Here, of course, it was self-evident that the two defendants were a mother and son, and that the standard condition of supervised release that they refrain from associating with anyone convicted of a felony would necessarily prohibit them from associating with one another. However, possibly because the court did not expressly state that condition in open court, but instead simply referenced the conditions identified in the presentence report, neither the court nor the parties took the opportunity to address the potential constitutional

violation that this presented under the circumstances, or make a specific finding of facts why the condition was warranted. (A 106-07; Sentencing Tr. at 48-49)

Since defense counsel did not object to the restriction, plain error review is necessary, but even that more exacting standard is easily satisfied here. Under plain error analysis, where an error has not been brought to the district court's attention, a defendant must show that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Johnson v. United States, 520 U.S. 461, 467 (1997).

Here, as noted above, this Court has made clear on several occasions that, even in the instance of "standard" condition of supervised release, where that condition raises the prospect that it will interfere unreasonably with a protected liberty interest, imposition of such condition without a specific factual finding is error. See Bryant, 976 F.3d at 183-84. Accordingly, prongs one and two are satisfied.

As is manifest in the Court's decision in Myers, the deprivation at issue here—prohibiting a defendant serving a term of supervised release from associating or even talking

to his own mother—prejudicially affects as fundamental an American and human right as can be imagined. See United States v. Myers, 426 F.3d at 125 ("[i]t is well-established that a parent's interest in maintaining a relationship with his or her child is protected by the Due Process Clause of the Fourteenth Amendment"); Cf. Troxel v. Granville, 530 U.S. 57, 65-66, (2000) (describing "the fundamental right of parents to make decisions concerning the care, custody, and control of their children" as "perhaps the oldest of the fundamental liberty interests recognized by this Court")

Finally, rigid adherence to a standard condition of supervised release, under circumstances where discretion should appropriately be exercised and with respect to a fundamental liberty interest, would inevitably have the unfortunate effect of calling into question the fairness, integrity, and public reputation of the courts. Accordingly, all four prongs are satisfied.

We respectfully submit that, in light of the circumstances here—including that the district court made clear on the record that it was well aware of Ana Christine Rodriguez's serious health concerns, and imposed a non-incarceratory sentence—the existing record is sufficient to show that, had defense counsel or the prosecutor brought

this issue to the district court's attention, the court undoubtedly would have stricken the standard condition. reflecting those considerations. (A 103; Sentencing Tr. at 45) Accordingly, the condition should be stricken without the need for remand. Alternatively, the matter should be remanded to the district court for a more detailed exploration and justification regarding the condition.

POINT II

THE CONDITION OF SUPERVISED RELEASE SUBJECTING THE DEFENDANT TO RISK NOTIFICATION AT THE DISCRETION OF THE PROBATION DEPARTMENT MUST BE STRUCK FROM THE SENTENCE BECAUSE IT CONFLICTS WITH THIS COURT'S DECISIONS HOLDING THAT IT IMPROPERLY GIVES TOO MUCH DISCRETION TO THE PROBATION DEPARTMENT, AND IN ANY EVENT IT WAS NOT ORALLY PRONOUNCED BY THE DISTRICT COURT AT SENTENCING.

The inclusion in the written judgment of a burdensome and otherwise improper requirement that Mr. Rodriguez give notice to any person with respect to whom the Probation Officer were to determine he might pose a risk, must be stricken from the judgment, because this Court has previously determined that such requirements give too much discretion to the Probation Officer, United States v. Boles, 914 F.3d 95, 111–12 (2d Cir. 2019), and even more fundamentally because it was not included in the oral pronouncement of the sentence. United States v. Rosado,

109 F.4th 120, 126 (2d Cir. 2024) "the pronouncement requirement is not a mere formality; it is an essential component of the sentencing process," and announcing as remedy that "we VACATE and REMAND to the district court with instructions to amend the written judgment to strike all of the challenged portions").

The judgment contained the following provision under the standard conditions of supervised release:

> 12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

(A 119; Judgment at 4)   This provision was not included among the recommended standard conditions in the presentence report.  (PSR at 33-34)

In United States v. Peterson, 248 F.3d 79 (2d Cir. 2001), the Court concluded that a nearly identical provision was impermissible to the extent that it required the defendant to notify employers about a separate state conviction, because it violated the requirement that occupational restrictions be related to the specific offense of conviction, and that with respect to the federal conviction itself, the district court "may not simply leave

the issues of employer notification to the probation officer's unfettered discretion." Id. at 85-86 (remanding for clarification); see also United States v. Boles, 914 F.3d at 111-12 ("we agree with Boles that the condition is largely indistinguishable from the one we struck down in Peterson[, and a]ccordingly, we vacate the risk condition and remand to the district court to clarify the scope of the 'risk' condition"). Here, as the Court noted in its July 15, 2024, Order, the condition contained in the written judgment was nearly identical to that in Boles, and thus is also impermissible.

However, remand for clarification is not required here, since the condition was included only in the written judgment but not in the district court's oral pronouncement of sentence, which is controlling when there is a disparity, and the appropriate remedy is to strike the improper condition. United States v. Rosado, 109 F.4th at 126; see also United States v. Rosario, 386 F.3d 166, 168-69 (2d Cir. 2004) ("It is well settled, as a general proposition, that in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls, and any burdensome punishments or restrictions added in the written judgment must be removed").

Here, in pronouncing the sentence, the district court stated only that "[t]he mandatory and standard conditions of supervised release set forth in … pages 32 to 34 of Mr. Rodriguez's presentence report shall apply."[2]   (A 103; Sentencing Tr. at 45)   Those pages of the presentence report contained no risk notification requirement on those pages (or on any other page).

While it may be true that an inadvertent omission of a mandatory or standard condition of supervised release from oral pronouncement of the sentence may be added subsequently to the written judgment, Rosario, 386 F.3d at 169; United States v. Truscello, 168 F.3d 61, 63–64 (2d Cir. 1999), that exception would not apply here, for several reasons.  First, as discussed above, this Court has recognized that the requirement impermissibly gives too much discretion to the Probation Officer, and thus should not have been included.  Second the Probation Department itself, likely mindful of this very fact, did not include it among the recommended standard conditions, which were adopted by the district court.   (PSR at 33-34; A 106;

---

[2]   The district court did orally advise Ana Christine Rodriquez of the standard terms of probation, including the risk notification requirement (A 110-11; Sentencing Tr. at 52-53), but made no corresponding in-court pronouncement regarding the standard conditions of supervised release with respect to either Mr. Gonzalez or Ana Christine Gonzalez.

Sentencing Tr. at 48)  Finally, as this Court noted in Rosado, "we do not make such allowances where, as here, the modifications or additions impose new burdensome punishments or restrictions, or where there is a substantive discrepancy between the spoken and written versions of the sentence.  109 F.4th at 124-25.

Thus, since the written judgment should not have imposed the burdensome new condition, and the circumstances dictate that the district court did not inadvertently fail to mention the condition at sentencing, there is no justification for it having been included in the written judgment.  Accordingly, the matter should be remanded so the judgment can be amended to strike that condition of supervised release, without need for further factfinding or clarification.

POINT III

THE SEARCH CONSENT CONDITION OF SUPERVISED
RELEASE MUST BE VACATED SINCE IT WAS NOT
SUPPORTED BY AN INDIVIDUALIZED ASSESSMENT THAT IT
WAS REASONABLY RELATED TO SENTENCING FACTORS, THE
REASON FOR THE CONDITION WAS NOT EXPLAINED ON THE
RECORD, AND IN ANY EVENT THE SWEEPING SEARCH
CONDITION WAS AN OVERBROAD INTRUSION ON MR.
RODRIGUEZ'S LIBERTY INTERESTS.

The district court orally imposed the following

special condition of supervised release on both Mr.

Rodriguez and Ana Christine Rodriguez:

> You shall submit your person, and any
> property, residence, vehicle, papers, computer,
> other electronic communication, data storage
> devices, cloud storage or media, and effects to
> search by any United States Probation Officer,
> and, if needed, with the assistance of any law
> enforcement. This search to be conducted when
> there is reasonable suspicion concerning
> violation of condition of supervision or unlawful
> conduct by the person being supervised.

> Failure to submit to search may be grounds
> for revocation of release. You shall warn any
> other occupants that the premises may be subject
> to searches pursuant to this condition. Any
> search shall be conducted at reasonable time and
> in reasonable manner. (A 106; Sentencing Tr. at
> 48)

In <u>United States v. Sims</u>, 92 F.4th 115 (2d Cir. 2024),

the Court discussed the seven requirements for a district

court to appropriately impose a special condition of

supervised release: 1) the court must conduct an

individualized assessment and find that the special

condition is reasonably related to the sentencing factors;

2) the court must explain its reasoning, which must be supported by the record; 3) the condition must not impose a greater deprivation of liberty than reasonably necessary to accomplish sentencing objectives; 4) the condition must be consistent with any pertinent policy statements issued by the Sentencing Commission; 5) the court must orally pronounce the condition in open court; 6) the condition must be sufficiently clear; and 7) the condition must not result in the court exceeding its ability to delegate decision-making authority to Probation.  <u>Id</u>. at 123-25.

Here, the record indicates that the district court, although it orally pronounced the special condition in open court, provided only a bare recitation of the requirements, without any explanation of its reasoning or any suggestion that it had engaged in an individualized assessment regarding Mr. Rodriguez.  (A 106-07; Sentencing Tr. at 48-49)  Indeed, the fact that the court simultaneously stated the condition with respect to both defendants suggests on its face that there was no individual consideration given. (A 106-07; Sentencing Tr. at 48-49)

It is true that even where a sentencing court failed to provide an on-the-record explanation for its decision to impose a special condition, the Court may nevertheless uphold the condition "if the [sentencing] court's reasoning

is 'self-evident in the record.'" <u>United States v. Sims</u>, 92 F.4th at 124, <u>quoting</u> <u>Betts</u>, 886 F.3d at 202.  Here, the record cannot support such a conclusion.  If anything, the record as a whole indicated that Mr. Rodriguez's mother, Ana Christine Rodriguez, was the mastermind and prime mover behind the scheme, even though—because of her health—she received a non-custodial sentence while Mr. Rodriguez was sentenced to four years imprisonment.  And consistent with those circumstances, most of the record pertained to Ana Christine Rodriguez rather than her son.  (See A 98-104; Sentencing Tr. at 40-46)  To the extent that the district court made specific reference to Mr. Rodriguez, it expressly stated the following:

> Now I will turn to Mr. Rodriguez.

> On the one hand, there support for the imposition of guidelines sentence. Mr. Rodriguez willingly participated in the scheme I described. He also advised victims of the scheme to file fraudulent bankruptcy petitions.

> But, on the other hand, there are some mitigating factors that weigh in his favor. <u>Mr. Rodriguez began participating in the scheme at his mother's direction. Mr. Rodriguez has worked since he graduated high school and has continued to work even after his arrest in this case</u>. He was recently recognized as "employee of the month" and by his current employer.

> Furthermore, Mr. Rodriguez has taken responsibility for his actions and expressed regret for his behavior as reflected by his plea of guilty, his letter to the Court, and his

statements here today.  (A 104-05; Sentencing Tr.
46-47) (emphasis added.)

If anything, those statements reveal that the court
did not view Mr. Rodriguez as presenting particularized
factors warranting a special search condition, but rather
as someone clearly warranting punishment for his conduct,
but who had numerous mitigating considerations that
suggested he would be less likely than the typical fraud
defendant to be at risk of continuing criminal conduct
after release.

Nor does the presentence report furnish a basis to
conclude that the search condition was clearly warranted.
The presentence report stated the following:

> The three-year term of supervised release
> will allow the Probation Office to monitor and
> assist Rodriguez's reintegration in the
> community. Inasmuch as the defendant was
> convicted of a fraud offense that involved
> deception through mass-marketing, search and
> seizure provisions are warranted. This will allow
> the Probation Office to respond immediately if
> there is a reasonable belief that the defendant
> is engaging in similar activities and to further
> protect the community.  (PSR at 32)

On its face, this recommendation was based exclusively
on the nature of the offense, and did not give any
explanation as to why Mr. Rodriguez might pose a risk of
engaging in similar activities.  Moreover, in acknowledging
the mitigating factors with respect to Mr. Rodriguez, the

Probation Department noted that "without diminishing the seriousness of the offense, we factored that the defendant was not the 'mastermind' of the fraud and his actions appeared to have been influenced by his allegiance to his mother." (PSR at 32)

In light of the unfortunate fact of his mother's serious health concerns, which were plainly known to the Probation Department and the district court (A 103; Sentencing Tr. at 45), it is difficult to imagine that the record could be interpreted as clearly establishing that a search condition was warranted.

Finally, the search condition, which on its face affects nearly any imaginable aspect of Mr. Rodriguez's life, was overly broad in that it represented a greater infringement on his liberty interests than necessary to ensure the goals of sentencing and supervision. See United States v. Sims, 92 F.4th at 124-25 (courts must "consider whether [the condition] represents a greater deprivation of liberty than is necessary to achieve that goal," or whether "the deprivation is narrowly tailored to serve a compelling government interest"), quoting United States v. Myers, 426 F.3d 117, 126 (2d Cir. 2005). Significantly, the court also noted the requirement that "[t]he imposition of a special condition affecting a cognizable liberty interest

must be supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing." Sims, 92 F.4th at 124-25 (emphasis added).

Here, as demonstrated above, there were no particularized findings at all with respect to the search provision, let alone such a finding with respect to the necessity of a broad-ranging search and seizure requirement. And had such a finding been made in the district court, it is doubtful that it would have justified the all-encompassing scope of searches to which he was potentially subjected. At the very least, in a case where the facts related mostly to telephone calls and some e-mails, there is no imaginable basis a search requirement of Mr. Rodriguez's person or vehicle, conditions more suited to a defendant convicted of drug or weapon offenses.

And without a more particularized showing that Mr. Rodriguez's criminal conduct was committed from his home, which is entitled to the highest level of privacy protection, Georgia v. Randolph, 547 U.S. 103, 115 (2006) ("it is beyond dispute that the home is entitled to special protection as the center of the private lives of our people"), a sweeping requirement that Mr. Rodriguez consent to any search of his residence and all property therein

cannot be justified consistent with constitutional liberty interests.

Accordingly, the matter should be remanded to the district court with instructions to strike the overbroad provisions of the search requirement or to clarify its individualized basis for imposing the condition.

## Conclusion

The erroneously imposed conditions of supervised release must be vacated, and the matter remanded for the filing of an amended judgment striking the conditions or for further proceedings in the district court.

Dated:   New York, New York
         November 7, 2024

                                   /s/
                                   _____
                                   BRENDAN WHITE
                                   White & White
                                   524 East 20th Street, #6D
                                   New York, NY  10009
                                   (646) 303-0267
                                   hendonbgb@gmail.com

                                   Attorney for Defendant-
                                    Appellant Sergio Rodriguez

**Certificate of Compliance with FRAP 32(a)(7)**

It is hereby certified that the annexed Brief of Appellant Sergio Rodriguez contains 5,873 words, including footnotes and headings, and was printed in 12-point monospaced typeface in Microsoft Word format.

Dated: New York, NY
November 7, 2024

_/s/_____

BRENDAN WHITE